UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.   : | **Case No.: 21-cr-279-DLF** |
| : | |
| **ETHAN C. SEITZ,** : | |
| : | |
| Defendant.   : | |

### JOINT STATUS REPORT

As directed by the Court at the May 31, 2022 status conference, the parties submit this status report regarding the motions schedule in this case. At this point, defendant anticipates filing only a motion to dismiss and a motion to change venue (but reserves the right to file additional motions); assuming defendant files only those two motions, the government does not request adjustments to the briefing schedule already in place.

The Court also asked the parties to address whether it may hold the August 17, 2022 motions hearing remotely if the CARES Act's authorization for use of videoconferencing and teleconferencing for certain proceedings expires, as most recently set forth in Chief Judge Howell's Standing Order Nos. 22-27 (D.D.C. May 12, 2022) and 22-35 (D.D.C. June 9, 2022). As discussed below, the Court may hold the hearing remotely.

Federal Rule 43 requires the defendant's presence at "(1) the initial appearance, the initial arraignment, and the plea; (2) every trial stage . . . and (3) sentencing." This list does not include pretrial motions hearings. Rule 43 further provides that a defendant "need not be present" at a proceeding that "involves only a conference or hearing on a question of law," which would also apply to many pretrial motions. Fed. R. Cr. P. 43(b). Finally, as the Court noted at the status

hearing, it is permitted to decide motions on the papers, without holding any hearing in any party's presence at all. Therefore, under the Federal Rules of Criminal Procedure, the Court need not have an in-person motions hearing; thus, neither the CARES Act, § 15002(b), nor Standing Order Nos. 22-27 and 22-35, address motion hearings, as no exception or special authorization is required to hold a motions hearing without the defendant's presence. *See, e.g.,* CARES Act, § 15002(b)(1)(A)-(J); (2) (permitting authorization of videoconferencing for enumerated proceedings, not including motion hearings); Standing Order No. 22-27 at 8 (authorizing videoconferencing for certain proceedings until August 11, 2022); Standing Order No. 22-35 at 2 (same). The motions hearing in this case therefore is not affected by the current August 11, 2022 expiration date for videoconferencing under the Chief Judge's Standing Orders issued pursuant to the CARES Act.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        DC Bar No. 481052

By:     /s/ *Alexis J. Loeb*
        Alexis J. Loeb
        California Bar No. 269895
        Assistant United States Attorney
        Detailed to USAO-DC
        450 Golden Gate Avenue, 11th Floor
        San Francisco, CA 94102
        Tel. (415) 436-7168
        alexis.loeb@usdoj.gov