```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,              CR Action
                                       No. 1:21-234

     vs.                                Washington, DC
                                        May 3, 2022
JOSEPH W. FISCHER,
                                        1:40 p.m.
          Defendant.

   TRANSCRIPT OF IN-PERSON ORAL ARGUMENT/STATUS CONFERENCE
           BEFORE THE HONORABLE CARL J. NICHOLS
               UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:     ALEXIS LOEB
                         US ATTNYS OFC N.D. OF CA
                         450 Golden Gate Ave., 11th Fl.
                         San Francisco, CA 94102
                         415-436-7168
                       JAMES PEARCE
                         U.S. DEPARTMENT OF JUSTICE
                         950 Pennsylvania Ave NW, Ste 1250
                         Washington, DC 20530
                         202-532-4991

For the Defendant:     AMANDA GAYNOR
                       LORI ULRICH (by phone)
                         OFFICE OF THE FED. PUBLIC DEFENDER
                         330 Pine Street, Suite 302
                         Williamsport, PA 17701
                         570-323-9314
                       EUGENE OHM
                         FEDERAL PUBLIC DEFENDER FOR D.C.
                         625 Indiana Avenue, NW, Suite 550
                         Washington, DC 20004
                         202-208-7500


Reported By:           LORRAINE T. HERMAN, RPR, CRC
                         Official Court Reporter
                         U.S. District & Bankruptcy Courts
                         333 Constitution Avenue, NW
                         Room 6720
                         Washington, DC 20001
                         202-354-3196
```

**P R O C E E D I N G S**

     **DEPUTY CLERK:** Your Honor, this is criminal case year 2021-234, *United States of America versus Joseph W. Fischer.*

     Counsel, please come forward and introduce yourselves for the record, beginning with the government.

     **THE COURT:** And as I said in the earlier hearing, my current practice is -- obviously I'm not masked -- whoever is at the podium, take off your mask, if you are comfortable with that, opposing counsel, court reporter, deputy and put your mask back on at counsel table.

     **MS. LOEB:** Your Honor, Alexis Loeb for the United States. With me is my colleague James Pearce.

     **THE COURT:** Counsel.

     **MS. GAYNOR:** Good afternoon, Your Honor, Amanda Gaynor from the Federal Public Defenders Office in the Middle District of Pennsylvania.

     I am here with my colleague Gene Ohm, from the Washington, D.C. office. I believe also on the phone is my co-counsel, Lori Ulrich, who can't be here today. She is on a COVID quarantine.

     **THE COURT:** Yes, we heard. I hope she is feeling better soon.

     **MS. GAYNOR:** Thank you.

     **THE COURT:** Thank you, Counsel.

1     adequate, even if I don't reconsider the 1512(c)(2) decision
2     in *Miller* and here; so that I'm taking under advisement.
3             I'm also taking venue under advisement.  I will
4     say that my very strong inclination is hold effectively hold
5     it/deny it without prejudice, to be renewed at trial,
6     depending on how the voir dire goes.  But I'm not holding
7     that today.  I just wanted to give you a preview of my
8     thinking.  As I can imagine you likely inferred from my
9     questions today and, frankly, from the questions I asked
10    earlier in the McKellop hearing.
11            So there is still the question of the counts about
12    temporary visiting the Capitol, and I'm prepared to decide
13    that question today.  As everyone knows, in my previous
14    order, I instructed the government to either amend the
15    superseding indictment allege that one then-Vice President
16    Pence's family members attended the certification of the
17    electoral vote of the Capitol on January 6th or to explain
18    to the Court why it will not do so.
19            The government responded contending that no
20    further amendment is necessary because the Vice President
21    was temporarily victim the Capitol on January 6th within a
22    meaning of the relative statute stated cite.
23            On the government's reading of the statute, or at
24    least the government's sort of starkest reading of the
25    statute, someone can temporarily visit even their only work

Case 1:21-cr-00279-DLF   Document 46-1   Filed 07/27/22   Page 4 of 6

40

1       office or their primary work office.  And, in any event, the

2       government argued in the various papers that just because

3       Vice President Pence had an office, the so-called ceremonial

4       office in the Capitol, doesn't mean he couldn't temporarily

5       visit that office or the rest of the Capitol for that

6       matter.

7               Fischer posits that this position produces

8       awkwardness, because anyone who leaves his or her home to go

9       to their permanent place of work is, according to the

10      government, merely temporarily visiting that place.

11              I agree with Fischer that that stark reading of

12      the statute does seem like a stretch, but the indictment

13      here doesn't relate to Vice President Pence's visit to his

14      only or even his primary office.

15              Instead, at most he would have visited his

16      ceremonial office at the Capitol on January 6th, 2021.  And

17      the government is free to prove at trial that he rarely

18      visited that office.  Moreover, Vice President Pence, as the

19      President of the Senate, provided over joint session of

20      Congress during the certification of the electoral vote;

21      that certification proceeding took place, at least in part,

22      in the Chamber of the House of Representatives, and not in

23      the Senate Chamber.  Again, Vice President Pence

24      constitutionally only has a role as it relates to the

25      Senate.

1         So after reading over the papers, the opinions
2    that have addressed the same arguments, I agree with the
3    government that no further amendment is necessary at this
4    time.  It is certainly possible the government can prove at
5    trial that Vice President Pence was temporarily visiting
6    parts of the Capitol within the meaning of the statute on
7    January 6th, 2021.  I therefore deny defendant's Motions to
8    Dismiss Counts 4 and 5 of the Superseding Indictment.
9         So that's my holding on that motion -- or in light
10   of my prior order and the government's briefing, the
11   defendant's motion is denied.
12        Having already indicated I am going to take those
13   other motions under advisement, are there any other topics
14   we should discuss today from the government's perspective?
15   Is it worth talking about any scheduling issues recognizing
16   that I still have to decide the Count 3 Motion for
17   Reconsideration in particular?
18        **MS. LOEB:**  Yes, Your Honor.
19        Just the exclusion of time.  I know the pending
20   motions now we have 30 days of tolling.  But any tolling
21   beyond that or the next status.
22        **THE COURT:**  Well, I suppose then, should we at a
23   minimum just schedule another status in this matter and then
24   assuming that there is no objection from the defendant or
25   agreement exclude time between today's date and that next

1 **C E R T I F I C A T E**

3    I, **Lorraine T. Herman, Official Court Reporter,**
4 certify that the foregoing is a true and correct transcript
5 of the record of proceedings in the above-entitled matter.

9    July 15, 2022             /s/
      **DATE**                    **Lorraine T. Herman**