UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 21-cr-279-DLF |
| | : | |
| ETHAN C. SEITZ, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S AMENDED OPPOSITION TO
## DEFENDANT'S MOTION TO CONTINUE SENTENCING

The United States of America respectfully opposes Defendant Ethan Seitz's Motion to Stay Sentencing Pending Supreme Court's Resolution of *Fischer v. United States* (ECF No. 65), which is, in effect, a motion to stay his sentencing until at least mid-2024. On December 13, 2023, the United States Supreme Court granted certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted* 23-5572. The issue to be considered is the appropriate interpretation of the statute criminalizing obstruction of an official proceeding, 18 U.S.C. § 1512(c)(2), which is one of the crimes for which Seitz was convicted at the August 2023 stipulated trial. This development does not merit a continuance of the sentencing hearing scheduled for January 8, 2024.

When evaluating whether to issue a stay, "a court considers four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The third and fourth factors "merge" when a party moves for a stay against the government. *Id.* at 435. A stay "'is not a matter of right, even if irreparable injury might otherwise result.'" *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). The

party seeking the stay bears the burden of "mak[ing] out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255.

The defendant's motion should be denied because the relevant factors weigh against his request. First, the fact that the Supreme Court granted certiorari in *Fischer* does not establish that the defendant is likely to succeed on the merits of any challenge to his Section 1512(c)(2) conviction. At this time, a panel of the D.C. Circuit and every district court judge but one has agreed with the government's interpretation of that statute. *See Fischer*, 64 F.4th at 338 ("Although the opinions of those district judges are not binding on us, the near unanimity of the rulings is striking, as well as the thorough and persuasive reasoning in the decisions. . . . The district judge in the instant case stands alone in ruling that § 1512(c)(2) cannot reach the conduct of January 6 defendants."). The mere fact that the Supreme Court agreed to hear *Fischer* does not indicate that those opinions were wrongly decided. *See, e.g.*, *Heath v. Jones*, 941 F.2d 1126, 1131 (11th Cir. 1991) ("[T]he grant of certiorari does not necessarily indicate that the position advocated by Heath has any merit, only that it is an important question.").

Additionally, it is unlikely that any decision in *Fischer* would be issued by the Supreme Court before the end of its term in June of 2024. That would be nearly three-and-a-half years after the offenses of which the defendant was convicted, and more than 10 months after the Court found the defendant guilty by way of a stipulated trial in August 2023. At the stipulated trial in August, the Court specifically warned counsel that because sentencing was being set so far out from the stipulated trial, any further continuances were unlikely to be granted. Delaying the sentencing for another six months or more would undermine the interests of the public in the timely adjudication of a case of great significance.

A further lengthy delay of sentencing for the defendant would also afford him an unfair advantage not granted to other similar January 6 defendants, many of whom were also convicted of obstruction of Congress and whose Sentencing Guidelines calculations and sentences were heavily influenced by the fact that they were convicted of that offense.

The defendant will not suffer any irreparable injury by proceeding with sentencing as scheduled next month. Even if the Supreme Court were to decide *Fischer* adversely to the government, it is not clear that the Court's interpretation of Section 1512(c)(2) would necessarily invalidate the defendant's conviction in this case. And even if it did, the appropriate venue for challenging such a sentence would be a post-sentencing appeal, and not a motion to set aside the verdict. Indeed, a motion for a new trial under Federal Rule of Criminal Procedure 33 would be untimely, as more than 14 days have passed since the verdict in this case, and changes in the law do not constitute newly discovered evidence for purposes of Rule 33(b)(1)'s three-year timing requirement. *See, e.g.*, *United States v. King*, 735 F.3d 1098, 1108-09 (9th Cir. 2013) ("As we held in *United States v. Shelton*, 459 F.2d 1005 (9th Cir. 1972), a change in the law does not constitute newly discovered evidence for purposes of Rule 33."); *United States v. Olender*, 338 F.3d 629, 635 (6th Cir. 2003) ("Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence."); *United States v. Bailgey*, No. 92-3845, 1994 U.S. App. LEXIS 29946, at *4 (7th Cir. Oct. 24, 1994) ("A new legal theory does not qualify as newly discovered evidence under Rule 33. . . . We dismiss Bailey's claim as untimely because it does not qualify as newly discovered evidence and it was filed more than seven [now 14] days after his verdict."); *United States v. Blake*, No. 10 CR 349(RPP), 2011 WL 3463030, at *5 (S.D.N.Y. Aug. 5, 2011) ("New legal arguments are not considered newly discovered evidence

under Rule 33. . . . Therefore, according to Rule 33, such claims must be brought within fourteen days after the verdict.").

Moreover, obstruction of Congress was not Seitz's only conviction. He will also be sentenced for disorderly conduct under 18 U.S.C. § 1752(a)(2), which is outside the scope of the *Fischer* appeal. Assuming that the Court permits the defendant to self-report approximately 60-90 days after sentencing in January, and further assuming that the Court denies a motion for bail pending appeal, Seitz would have only served approximately 3-4 months of time before the Supreme Court's expected decision in mid to late June. Even if the Supreme Court issues an adverse ruling to the government's position, and Seitz were only to be sentenced on the § 1752(a)(2) offense, the government maintains that his guidelines range would be 10-16 months (based on offense level 11[1] and Criminal History Category II). Accordingly, it is unlikely that Seitz would have served his full sentence on just the § 1752 conviction by mid-June. And if it does somehow happen that Seitz serves his full sentence on the § 1752 conviction before the Supreme Court resolves *Fischer*, Seitz could move for release pending appeal at that point.

In fact, any potential irreparable injury to the defendant can be addressed via a motion for release pending appeal under 18 U.S.C. § 3143(b). Under that statute, a defendant who has been sentenced to a term of imprisonment "shall . . . be detained" unless the court finds that two separate requirements are met:

---

[1] The Statutory Appendix to the Guidelines provides for two potential guidelines to apply to § 1752: U.S.S.G. § 2A2.4 (Obstructing or Impeding Officers) or U.S.S.G. § 2B2.3 (Trespass). Given Seitz's conduct in the Capitol Building, and his grabbing of a police baton, the government maintains that the most appropriate guideline is § 2A2.4, which carries a base offense level of 10. In addition, Seitz would be subject to a three-level enhancement, because the obstruction of officers "involved physical contact." U.S.S.G. § 2A2.4(b)(1)(A). Finally, Seitz's offense level would be adjusted by two levels for acceptance of responsibility. U.S.S.G. § 3E1.1(a). This results in an adjusted offense level on the § 1752 conviction of 11.

   (1) "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and

   (2) that the appeal "raises a substantial question of fact or law likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

18 U.S.C. § 3143(b)(1)(A)-(B). A "substantial question" is one that is "a close question or one that very well could be decided the other way." *United States v. Peholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Although the government would likely oppose such a motion, the possibility for release pending appeal is another factor favoring denial of the defendant's motion to stay. The Bail Reform Act – not a stay of the proceedings – is the proper mechanism under which to address any potential prejudice to the defendant.

For all these reasons, the defendant's motion to stay for six months or more should be denied, and the Court should proceed with sentencing Defendant Seitz on January 8, 2024.

              Respectfully submitted,

              MATTHEW M. GRAVES
              United States Attorney
              D.C. Bar No. 481052

    By: /s/ Katherine E. Boyles
       Katherine Boyles
       Assistant United States Attorney
       D. Conn. Fed. Bar No. PHV20325
       Katherine.Boyles@usdoj.gov
       Phone: 203-931-5088
       United States Attorney's Office
       601 D Street NW
       Washington, D.C. 20001