UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ETHAN SEITZ,<br><br>    Defendant. | Crim. Action No. 1:21CR279 |

**REPLY TO GOVERNMENT'S OPPOSITION TO STAY SENTENCING PENDING SUPREME COURT'S RESOLUTION OF**
***FISCHER v. UNITED STATES***

Ethan Seitz, through counsel, submits this brief reply to the government's opposition to his Motion to Stay Sentencing in this matter until after the Supreme Court resolves *United States v. Fischer*, 64 F.4d 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

The question presented in *Fischer* is: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ('Witness, Victim, or Informant Tampering'), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?" *See* Petition for Certiorari, *Fischer v. United States*, No. 23-5572 (filed September 11, 2023). The question before the Supreme Court directly impacts the validity of Mr. Seitz's sole felony conviction, and the conviction that drives the pre-sentence report and government's calculation of his guideline range.

Each of the *Hilton v. Braunskill* factors support staying the sentencing in this matter. 481 U.S. 770, 776 (1987).

First, Mr. Seitz has a made a strong showing of likelihood to succeed on the merits. The D.C. Circuit's opinion reversing a district judge's reasoned opinion that Section 1512(c) does not cover conduct of Mr. Seitz and other January 6 defendants was not unanimous. One judge dissented and one judge issued a concurrence. The Supreme Court has granted certiorari notwithstanding the absence of a circuit split. *See* Brief for U.S. in Opp. to Writ of Cert, https://t.ly/8Vgds, at 18 (explaining that "the decision below does not conflict with the decision of any other court of appeals."). Thus, there is good reason to believe that the Justice Department's novel and overreaching application of the obstruction statute may be overturned. The government claims that a decision adverse to the government in *Fischer* will not necessarily invalidate Mr. Seitz's conviction. But it has failed to explain what it believes distinguishes Mr. Seitz's conviction from Mr. Fischer's. *Fischer* arises from a motion to dismiss Mr. Fischer's indictment—which, as to the section 1512 charge, looks identical to Mr. Seitz's.

Second, if Mr. Seitz is sentenced under the obstruction guidelines and begins serving his sentence, he will be irreparably injured. He will lose his job and go to prison for a felony that is likely to be invalidated. Anyone who has spent time in a prison or a jail understands that even serving a portion of a sentence which is later vacated constitutes irreparable damage. The government comes close to conceding this. *See* Gov. Br. 5 (suggesting that potential irreparable injury to Mr. Seitz can be addressed by a bond motion). Meanwhile, if Mr. Seitz is sentenced on the misdemeanor alone, the applicable guideline range would be 0 to 6 months and he is

likely to receive a substantially reduced sentence.[1] The best indicator of his likely sentence absent the felony obstruction conviction is what district judges have most frequently imposed on misdemeanor-only January 6 defendants. *See, e.g.*, *United States v. Winn*, No. 21-cr-139-1 (TNM) (10 days' incarceration); *United States v. Treniss*, 1:21CR225 (DLF) (probation, 20 days intermittent confinement); *United States v. Tyler Slaeker*, 1:21CR604 (DLF) (probation, 30 days home confinement).[2]

Third, the issuance of stay until the end of the Supreme Court's term in June will not substantially injure any party. To the contrary, a stay will serve judicial economy. If Mr. Seitz begins serving his sentence and *Fischer* is overturned, under the sentencing-packaging doctrine, the sentence for both offenses will be vacated. "This result rests on the interdependence of the different segments of the sentence, such that removal of the sentence on one count draws into question the correctness of the initial aggregate minus the severed element." *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006). Mr. Seitz will be released and the parties will re-litigate

---

[1] The government mischaracterizes the facts when it contends that Mr. Seitz "grabbed" a police baton. Gov. Opp. at 5, FN 1. The video shows—and he admitted in the statement of offense—that he momentarily grasped the baton as he was falling backwards. It was a brief, reflexive, and non-violent act that does not qualify for a three-level "physical contact" enhancement. *See United States v. Taliaferro*, 211 F.3d 412, 415-16 (7th Cir. 2000) (explaining that although no federal court has defined "physical contact" as used in [§ 2A2.4](b)(1)], the meaning can be derived by examining the law of battery. Battery is defined as "intentional and wrongful physical contact with a person.") (internal citations omitted). Under the applicable guideline for the misdemeanor offense, USSG § 2B2.3, Mr. Seitz's overall offense level is 2, after acceptance of responsibility.

[2] The government also argues that a stay is not appropriate because the time to file a motion for a new trial under Rule 33 has expired. However, Mr. Seitz anticipates filing a motion for reconsideration, not a motion for a new trial, so the government's argument about Rule 33 is irrelevant.

sentencing. This inefficient result could be avoided by a relatively brief stay of the sentencing hearing. Indeed, the government's suggestion that bond pending appeal avoids the harm of going forward entirely fails to account for the inefficiencies created by such a procedure. First, the parties will have to litigate the propriety of such bond. Second, if *Fischer* goes Mr. Seitz's way, the parties will have to relitigate his sentence. Hitting pause avoids these inefficiencies.

Finally, Mr. Seitz is gainfully employed and compliant with all conditions of release. The public will not be harmed by a stay. To the contrary, a stay will serve the public interest because it will conserve judicial resources.

## Conclusion

For the reasons herein and any others that appear to the Court, Mr. Seitz respectfully moves to stay his sentencing hearing until such time that the Supreme Court has resolved the issue presented in *United States v. Fischer*.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Elizabeth Mullin
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500
Elizabeth_Mullin@fd.org