# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ETHAN SEITZ,<br><br>           Defendant. | Crim. Action No.1:21CR279(DLF) |

## **RESPONSE TO COURT'S MINUTE ORDER**

Ethan Seitz, through counsel, submits this response to the Court's Minute Order directing the parties to "contact the Courtroom Deputy immediately to schedule a sentencing hearing within the next 14 days." Minute Order, 7/19/2024.

At this time, for the reasons below, Mr. Seitz moves the Court to continue to stay the sentencing hearing in this matter for 60 days so that the government can determine its position as to how to proceed with the 1512 conviction in this case.[1] To be clear, Mr. Seitz's position is that the 1512 conviction is invalidated by the Supreme Court's decision in *Fischer v. United States*, No. 23-5572, 2024 WL 3208034, at *1 (U.S. June 28, 2024). However, the defense agrees an extension is appropriate in order to give the government time to reconsider its previous position, potentially avoid additional litigation, and conserve judicial resources.

---

[1] Defense counsel understands that the government will be filing a motion to continue to stay the sentencing hearing as well.

## Background

By way of background, Mr. Seitz was convicted by way of stipulated trial on of one count of 18 USC § 1512(c)(2), and one misdemeanor count of entering and remaining in a restricted building, in violation 18 U.S.C. § 1752(a)(2). Sentencing was scheduled for January 9, 2024. Mr. Seitz timely filed a sentencing memorandum in anticipation of that sentencing hearing. ECF. No. 71.

On December 13, 2014, Mr. Seitz through counsel moved to stay the sentencing hearing in light of the Supreme Court's grant of certiorari in *Fischer v. United States*. On December 22, 2024, the Court granted the motion for a stay of sentencing and ordered the parties "within seven (7) days of the issuance of an opinion in Fischer to file a status report proposing a schedule for further proceedings." Minute Order, 12/22/2024.[2]

On June 28, 2024, the Supreme Court held that

> To prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so.

*Fischer v. United States*, No. 23-5572, 2024 WL 3208034, at *1 (U.S. June 28, 2024).

In deciding the scope of §1512(c)(2), the Court adhered to an interpretation that would "'give effect, if possible, to every clause and word of [the] statute,'" while taking into account the broader context of § 1512 as a whole. *Id.* at *4 (citing *Williams*

---

[2] The defense apologizes for failing to file a status report. The defense had not heard from the government and was aware that in other cases, the government was seeking continuances in order to obtain guidance as to how to proceed.

v. *Taylor*, 529 U. S. 362, 404 (2000) (cleaned up); *Robinson* v. *Shell Oil Co.*, 519 U. S. 337, 341 (1997)).

The Court explained that § 1512(c)(1) describes particular types of criminal conduct in specific terms, whereas (c)(2) functions as a residual clause for "'matters not specifically contemplated'" by (c)(1). *Id.* (citing *Republic of Iraq* v. *Beaty*, 556 U. S. 848, 860 (2009)). To discern the scope of (c)(2), the Court relied upon the canon of *noscitur a sociis*, which teaches that a word is "'given more precise content by the neighboring words with which it is associated.'" *Id.* at *5 (citing *United States* v. *Williams*, 553 U. S. 285, 294 (2008)). And according to the related canon of *ejusdem generis*, a general or collective term at the end of a list of specific items is typically controlled and defined by reference to those specific items that precede it. *Id.* (citing *Southwest Airlines Co.* v. *Saxon*, 596 U. S. 450, 458 (2022)).

Under these principles, the Court limited the availability of § 1512(c)(2) to the prosecution of defendants who obstruct, influence, or impede an official proceeding through the impairment of the availability or integrity of records, documents, objects or other things such as witness testimony or intangible information. *Id.* at *6. Any broader interpretation of subsection (c)(2) would criminalize conduct that otherwise may be protected by the First Amendment. Indeed, it would expose activists, lobbyists, and mere protesters to the statute's 20-year maximum sentence for conduct that Congress generally saw fit to punish with far shorter sentences.

In Mr. Seitz's case, the government did not allege, much less prove that Mr. Seitz impaired the availability of records, documents, objects, or other such things, or

that he did so corruptly when he entered the Capitol on January 6, 2021. Therefore, the evidence fails to establish a violation of 1512(c)(2) and the Count must be dismissed.

## Conclusion

The defense does not object to a continued stay of the sentencing hearing in this matter because a stay will serve judicial economy.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Elizabeth Mullin
Ubong Akpan
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500
Elizabeth_Mullin@fd.org