UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ETHAN SEITZ,<br><br>    Defendant. | Crim. Action No.1:21CR279(DLF) |

## MOTION TO RECONSIDER FINDING OF GUILT ON COUNTS ONE AND THREE

Ethan Seitz, through counsel, respectfully requests that the Court reconsider its findings of his guilt on Counts One and Three based on the stipulated facts that provided the basis for the stipulated bench trial in this matter. *See* ECF No. 63 (Statement of Facts for Stipulated Trial). This Court has the inherent authority to reconsider a non-final ruling. *United States v. Ibarra*, 502 U.S. 1, 5 (1991) (per curiam) (implicitly recognizing authority of district court to reconsider prior rulings thereby affording court "the opportunity to correct [its] own alleged errors" and thereby "prevent[] unnecessary burdens" on the court of appeals). This authority logically extends to findings of guilt in bench trials given that such findings are not final orders that divest the Court of jurisdiction or permit an appeal. *See United States v. DaSilva*, No. 1:21-CR-00564 (CJN), 2024 WL 519909 (D.D.C. Feb. 8, 2024) (reconsidering finding of guilt following bench trial and before sentencing).

## Background

On April 2, 2021, Mr. Seitz was charged by Indictment with 18 U.S.C. § 1512(c)(2) and 2, 18 U.S.C. § 1752(a)(1) and (2), and 40 U.S.C. § 5104(e)(2)(D), (E), and (G). On August 8, 2024, Mr. Seitz waived his right to a jury trial and the parties proceeded by way of a stipulated trial on Counts One and Three. On that date, this Court found Mr. Seitz guilty of Counts One and Three based on the statement of offense. ECF. No. 63.

The Court postponed sentencing to await the Supreme Court's decision in *Fischer v. United States*, 144 S. Ct. 2176 (2024), addressing the scope of applicability of § 1512(c)(2) to the events of January 6, 2021. The Supreme Court subsequently held: "To prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so." *Id.* at 2190. Thus, § 1512(c)(2) is limited to the prosecution of defendants who obstruct, influence, or impede an official proceeding through the impairment of the availability or integrity of *records, documents, objects or other such things*, including witness testimony or intangible information. *Id.* at 2185.

The government has yet to articulate how it will proceed in cases impacted by *Fischer*. On August 7, 2024, the Circuit remanded *Fischer* without an opinion. USCA

Case #22-308, Doc. No. 2068848 (Mandate).[1] Mr. Seitz's sentencing hearing is scheduled for September 13, 2024.

## Argument

Mr. Seitz seeks reconsideration of the finding of guilt for Count One charging him with obstruction of an official proceeding under 18 U.S.C.§ 1512(c)(2). With regard to that statute, the parties stipulated as follows[2]:

> The essential elements of the offense of obstruction of an official proceeding, in violation of 18 U.S.C. § 1512, each of which the government must prove beyond a reasonable doubt, are as follows:
>
> 1. The defendant attempted to or did obstruct or impede an official proceeding;

---

[1] Despite reporting that it is still awaiting guidance from the Solicitor General's Office, the government has begun voluntarily dismissing § 1512 charges (or expressing its intent to do so) in pretrial cases (and at least one post-trial case) indicted before the Supreme Court decided *Fischer*. *See, e.g.*, *United States v. Lee*, No. 21-cr-303-ABJ (D.D.C.), ECF:131 (Aug. 2, 2024) (government motion to dismiss § 1512 count); *United States v. Giobbie*, No. 24-cr-304-CJN (D.D.C.), ECF:21 (Aug. 1, 2024) (same); *United States v. Gossjankowski*, No. 21-cr-123-PLF (D.D.C.) ECF:227 (Aug. 2, 2024) (same); *United States v. Groseclose*, No. 21-cr-311-CRC, ECF:110 (Aug. 2, 2024) (government motion to dismiss § 1512 count *after* conviction but before sentencing); *United States v. Jackman, et al.*, No. 21-cr-378-TJK (D.D.C.), ECF:192 at 2 (July 15, 2024) (government stating intent to dismiss § 1512 count); *United States v. Norwood III*, No. 21-cr-233-CJN (D.D.C.), ECF:88 (July 25, 2024) (government superseding its original indictment by, *inter alia*, removing § 1512 charge); *United States v. Trevor Cain*, No. 23-cr-297-RC (per defense counsel, defendant pleading to two misdemeanors and no § 1512, where charged pre-*Fischer* with § 1512 and four misdemeanors).

[2] Mr. Seitz was also charged with aiding and abetting in the obstruction of an official proceeding, which is impacted by *Fischer* in the same ways as the substantive offense.

3

    2.    The defendant intended to obstruct or impede the official proceedings;

    3.    The defendant acted knowingly, with awareness that the natural and probable effect of their conduct would be to obstruct or impede the official proceedings; and;

    4.    The defendant acted corruptly.

ECF No. 63.

In support of these elements, the parties further stipulated that:

Seitz knew at the time he entered the U.S. Capitol Building that he did not have permission to enter the building. He obstructed, influenced, and impeded an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15–18. He also impeded or disrupted the orderly conduct of other government functions, including the Capitol Police's protection of the Capitol and the Secret Service's protection of former Vice President Pence.

ECF. No. 63, ¶ 25.

The parties did not include as an element the corrupt impairment of the availability of records, documents, objects, or other such thing and there were no stipulated facts establishing such. Indeed, Mr. Seitz did not commit acts – or aid and abet another in committing acts – that would allow any rational factfinder to find that the elements of § 1512(c)(2) as articulated in *Fischer* had been satisfied. He took no act related to records, documents, or other such objects or things. The evidence is therefore legally insufficient for this count of conviction. In any event, in light of *Fischer,* as the particular factfinder in this case, this Court should no longer be convinced beyond a reasonable doubt that Mr. Seitz violated § 1512(c)(2).

As an additional matter, since the Court's verdict in August 2023, the Circuit has taken up the issue of whether under 18 U.S.C. § 1752(a), the law requires that a defendant know that he has entered a "restricted area" *and also* have knowledge of the existence of one of the facts listed in the definition of "restricted building or grounds" under § 1752(c)(1)(A), (B), or (C). *See United States v. Griffin*, Appeal No. 22-3042 (argued 12/4/23). As relevant here, under subsection B, a defendant is required to know that a "person protected by the Secret Service" was present at the time he entered or remained in the restricted area at issue.[3]

Mr. Seitz therefore also seeks reconsideration of the finding of guilt for Count Three charging him with disorderly or disruptive conduct in a restricted building or grounds under 18 U.S.C. § 1752(a)(2). With regard to this count, the parties stipulated as follows[4]:

> The essential elements of the offense of entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2), each of which the government must prove beyond a reasonable doubt are as follows:
> 1. That the defendants engaged in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds.
> 2. That such conducted occurred when, or so that, such conduct, in fact, impeded or disrupted the orderly conduct of Government business or official functions; and,
> 3. That the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

---

[3] Mr. Seitz recognizes that this Court has ruled that the government need not prove a defendant's knowledge of a protectee's presence to prove a violation of § 1752)(a)(1) or (2).

ECF No. 63 at 2.

The parties did not include as an element that Mr. Seitz must know of the presence of a protectee (Vice President Mike Pence) under §§ 1752(a)(1) & (2). And the stipulated facts do not establish a basis from which any reasonable factfinder could conclude that Mr. Seitz in fact knew that a protectee was present at the time he entered or remained in a restricted area. But even if the evidence were somehow legally sufficient, this Court should again reconsider its finding beyond a reasonable doubt as to Mr. Seitz's actual knowledge.

## Conclusion

For these reasons, and any others that may appear to the Court, Mr. Seitz respectfully requests that the Court reconsider its findings of guilt as to Counts One and Three and enter a finding of not guilty on those counts.

    Respectfully submitted,

    A.J. KRAMER
    FEDERAL PUBLIC DEFENDER

    _____/s/_____
    Elizabeth Mullin
    Ubong Akpan
    Assistant Federal Public Defenders
    625 Indiana Avenue, N.W., Suite 550
    Washington, D.C.  20004
    (202) 208-7500
    Elizabeth_Mullin@fd.org