**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **21-cr-279 (DLF)** |
| **v.** | **:** | |
| | **:** | |
| **ETHAN C. SEITZ,** | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION FOR RETURN OF PROPERTY**

The United States, through undersigned counsel, respectfully files this response to Defendant Ethan Seitz's Motion for Return of Property, Doc. 90.

The Court sentenced Seitz on September 13, 2024, and he timely filed a notice of appeal on September 23, 2024. *See* Docs. 86, 88. After noticing his appeal, Seitz moved for return of property that was seized as evidence in this case. *See* Doc. 90. The government respectfully opposes the motion, but seeks additional time to negotiate a resolution with Seitz.

"[C]ourts may rightfully refuse to return claimed property when it falls into one of three categories: (1) the property involved is contraband; (2) the property involved is forfeit pursuant to statute; or (3) *the property involved is subject to government retention pending termination of the trial*." *Ford-Bey v. United States*, No. CV 19-2039 (BAH), 2020 WL 32991, at *7 (D.D.C. Jan. 2, 2020) (emphasis added) (quoting *United States v. Farrell*, 606 F.2d 1341, 1347 (D.C. Cir. 1979); citing *United States v. Price*, 914 F.2d 1507, 1511 (D.C. Cir. 1990) (per curiam) ("[T]he District Court has both the jurisdiction and the duty to ensure the return of the defendant's property[,] but only when no government claim lies against that property.") (citation and internal quotation marks omitted)).

Here, by virtue of Seitz's notice of appeal, the United States' interest in Seitz's property as evidence of violations of federal law has not terminated. Seitz argues that the "government no

longer needs these items," and that the seized property "would not be relevant evidence" at a hypothetical new trial on remand. *See* Doc. 90 at 1, 2. At this juncture, however, those conclusions can only be made by the government., and the government is not prepared to forego this evidence when the scope of any remand and any hypothetical new trial is uncertain. The government cannot assume, at this stage, that Seitz would, for example, stipulate to his identity (for which his personal items are relevant) or agree to admit evidence from his cell phone, absent a full presentation on chain of custody. The government of course understands that these issues *are* frequently stipulated to, but those agreements are typically made with the assumption that the government *could* be put to its proof on those issues.

Accordingly, the government is willing to return the property to Mr. Seitz if the parties can agree to stipulations regarding the future admissibility of photographs of the personal items and the data from the cell phone, so as not to limit the government's ability to use this lawfully seized evidence. The government has not yet been able to discuss such a stipulation with defense counsel since the filing of Seitz's motion in that the undersigned was in trial when the motion was filed and has been working on attending to several cases requiring attention in the few days since the conclusion of that trial. The government respectfully requests an additional week to explore appropriate stipulations to address Seitz's request for his property.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:   */s/ Katherine E. Boyles*
Katherine Boyles
Assistant United States Attorney
D. Conn. Fed. Bar No. PHV20325
United States Attorney's Office
601 D Street NW

Washington, D.C. 20001
Email: Katherine.Boyles@usdoj.gov
Phone: 203-931-5088